*Friday, February 16, 1996*
## MOTION DOCKET

**90–1342.** State v. Lawson. *Clermont County,* No. CA88–05–044. On June 15, 1993, this court stayed the execution of sentence in this cause pending exhaustion of state post-conviction remedies. On October 4, 1995, this court declined jurisdiction and dismissed appellant's appeal in case No. 95–1237, which was pending as a post-conviction case. On November 15, 1995, this court denied appellant's motion for reconsideration. Appellee has filed a motion to set an execution date on the ground that all state post-conviction remedies in this case have been exhausted. Appellant did not file a response to the motion. Upon consideration thereof,

IT IS ORDERED by the court, *sua sponte,* effective February 15, 1996, that the stay of execution entered in this cause on June 15, 1993, be and is hereby revoked.

IT IS HEREBY ORDERED by this court that said sentence be carried into execution by the Warden of the Southern Ohio Correctional Facility or, in his absence, by the Deputy Warden on Wednesday, the 15th day of May, 1996, in accordance with the statutes so provided.

IT IS FURTHER ORDERED that a certified copy of this entry and a warrant under the seal of this court be duly certified to the Warden of the Southern Ohio Correctional Facility and that said Warden shall make due return thereof to the Clerk of the Court of Common Pleas of Clermont County.

**94–10.** State v. Carter. *Hamilton County,* No. C–920604. UPON CONSIDERATION of the motion filed by counsel for appellant to stay the execution of sentence in the above-styled cause pending the exhaustion of state post-conviction remedies,

IT IS ORDERED by the court, effective February 15, 1996, that the motion be, and is hereby, granted.

IT IS FURTHER ORDERED by the court that, pursuant to *State v. Glenn* (1987), 33 Ohio St.3d 601, 514 N.E.2d 869, a stay is granted for a period of six months, beginning January 8, 1996 and ending July 8, 1996, to allow appellant an opportunity to file a petition for post-conviction relief. If a petition for post-conviction relief is not filed within the time allotted, this stay will expire. No further time for the filing of the petition will be granted except in unusual circumstances.

IT IS FURTHER ORDERED by the court that, if a petition for post-conviction relief is filed within the time allotted, a date-stamped copy of the petition shall be filed by appellant with the Clerk of this court, and this stay shall remain in effect until exhaustion of all state post-conviction proceedings, including any appeals.

IT IS FURTHER ORDERED by the court that compliance with the mandate and execution of sentence be, and is hereby, stayed for the six-month period allotted by this order and, if a petition for post-conviction relief is filed within the time allotted, pending the exhaustion of all proceedings for post-conviction relief before the courts of this state.

IT IS FURTHER ORDERED that counsel for the appellant and for the appellee shall notify this court when all proceedings for post-conviction relief before courts of this state have been exhausted.

**94–1290.** U.S. Corrections Corp. v. Ohio Dept. of Indus. Relations. *Hamilton County,* Nos. C–920814 and C–920820. On January 11, 1996, appellant Jerry Monahan filed a motion for a specific order that the Board of Commissioners of Hamilton County, Ohio, pay appellant $120,870.32 for attorney fees incurred. On February 7, 1996, appellant filed a motion requesting that this court hold in abeyance his motion for a specific order of payment. Appellant stated that he has agreed with counsel for the board of commissioners that the payment of the fees will be made in three equal monthly installments. Upon consideration thereof,

IT IS ORDERED by the court, effective February 15, 1996, that appellant's motion for a specific order of payment shall be held in abeyance until appellant files a notice with this court that he has received the three monthly payments.